IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT M. LOPEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEXANDER LORENZO GEE,<br><br>    Defendant.<br>_____ | No. C 05-2539 MMC (PR)<br><br>**ORDER OF DISMISSAL** |

    Plaintiff, an inmate at Pelican Bay State Prison, filed the above-captioned civil rights complaint under 42 U.S.C. § 1983 against Alexander Lorenzo Gee ("Gee"), plaintiff's cellmate at PBSP. He alleges that Gee has sexually harassed and threatened him.

    By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis. A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting "under color of state law." See West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's complaint fails on the second of these elements because the only defendant named in the complaint is a private individual who does not act "under color of state law." A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49. A private individual, such as plaintiff's cellmate, does not act under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Simply put: for purposes of a civil action, there is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). As the defendant in this case is not a state actor, but rather a private individual, plaintiff may not pursue his § 1983 claims against him.

For the foregoing reasons, plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: September 20, 2005

_____
MAXINE M. CHESNEY
United States District Judge